## PROCTOR v. PAINTER et al.

### (District Court, W. D. Washington, N. D.   July 18, 1924.)

#### No. 336.

**Mines and minerals ⚖═➤38(2)—Suit cannot be maintained to establish rights in coal, title to which remains in United States.**

> Rights in the coal under public lands cannot be established by a suit in court, where the title remains in the United States.

In Equity.   Suit by Edward Proctor against Harry E. Painter and the Elk Coal Company.   On motion to dismiss bill.   Granted.

The facts appear in decision filed the 8th of June, 1923, in Wilson v. Elk Coal Company, 300 Fed. 473, with this addition: That "Harry E. Painter, the defendant herein, laid claim and sought the south one-half of said land under what is known as the Surface Act, dated June 22, 1910, and that thereafter, wholly inadvertently and with full knowledge that said lands were coal lands, as exhibited by the records of said department, the General Land Office issued a patent, under the ordinary Homestead Act, approved by Congress May 20, 1862, to said Harry E. Painter for said lands, without reservation of the coal underlying them, under date of March 24th, 1920," and the first affirmative defense, "That on March 24, 1920, the United States of America by mistake issued to the defendant Harry E. Painter an unrestricted patent * * * which * * * conveyed the land described in the bill of complaint to said Painter in fee simple, without reservation of the coal underlying the same," and that on the 24th day of August, 1922, pursuant to law, the defendant coal company leased from the government the exclusive right and privilege to mine and dispose of all the coal in and upon said lands, etc., and pursuant thereto entered into possession thereof for the purpose of mining the coal contained therein, and has since been and now is engaged in extracting coal therefrom, and on the 7th of February, 1924, the defendant Harry E. Painter and another executed and delivered to the United States a release and quitclaim of all right, title, and interest in and to the coal and coal deposits in the said land in issue, and the right to prospect, mine, and remove coal therefrom.

Upon motion of the defendants and consent of the plaintiff, the court heard evidence upon the first affirmative defense, for the purpose of simplifying the issue, and in the interest of economy of expense to the parties and time to the court, because such defense, if sustained, is determinative of this action. The fact established is that the defendant coal company has a lease from the United States, and has been during the existence of said lease in possession of said land for the purpose of prospecting for and mining the coal upon said land, that said land is coal land, that the deed to Painter was issued inadvertently under the Homestead Act, and that the plaintiff has not paid to the government the price fixed by law for coal land, or any sum.

F. C. Reagan, of Seattle, Wash., for plaintiff.

Donworth, Todd & Higgins, of Seattle, Wash., for defendant Elk Coal Co.

Carkeek, McDonald, Harris & Coryell, of Seattle, Wash., for defendant Painter.

NETERER, District Judge (after stating the facts as above). What was said in Wilson v. Elk Coal Co., supra, has application here and is decisive.   The power of the officers of the General Land Office to convey land is limited by law.   Act Feb. 25, 1920, c. 85 (sections 4640¼, 4640¼d, 4640¼mm, 4640¼r, Comp. Stat. Cum. Supp. 1923),

---

⚖═➤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

limits the disposition of coal land. The deed without reservation of coal was issued without authority. The United States, in harmony with law, has at all times exercised ownership over the coal in the land. It has leased it to the defendant coal company, which has expended sums of money in prospecting and development. The defendant Painter, so far as within his power, has corrected the inadvertent error by transfer of the land to the United States.

The plaintiff is not entitled to take advantage of the inadvertence and secure the land, if his claim is predicated upon a basis of right, without paying the price fixed pursuant to statute. The legal title to the coal has not passed from the United States. The coal company has the exclusive privilege to mine the coal from the owner, the United States, unless the plaintiff establishes a prior right thereto, which he may not do in this action. The United States is a necessary party, and, if the plaintiff's claim is predicated upon a basis of right, his remedy is against the Secretary of the Interior and the defendants, as necessary parties. The cases cited have no application, or are of no controlling authority. What is here said is in harmony with Swendig v. W. W. P. Co. (C. C. A.) 281 Fed. 900, affirming decision of Judge Dietrich, and which was affirmed by the Supreme Court May 26, 1924.

The action must be dismissed.